### BLACK v. BLACK.

(Circuit Court, E. D. Pennsylvania. April 3, 1899.)

RECEIVER—DISTRIBUTION OF FUND OF RECEIVERSHIP—CLAIM AGAINST RECEIVER FOR CONVERSION.

A claim by an unsuccessful defendant, in an action to recover the possession of land, that a receiver appointed to harvest and sell the crops from the land pending the action trespassed on other land, and took possession of and sold crops therefrom owned by defendant,. cannot be heard and determined on distribution of the fund in the hands of the receiver.

On Exceptions to Auditor's Report.

Francis T. Tobin, for exceptions.

N. Dubois Miller, opposed.

McPHERSON, District Judge. In aid of proceedings to recover possession of land, brought by Mary K. L. Black, the apparent owner of the legal title, against Mary M. Black, an adverse claimant in possession, the circuit court, sitting in equity, appointed a receiver to harvest and sell the growing crops, and retain the proceeds, for the benefit of whichever party should finally appear to be entitled thereto. The receiver's account was afterwards filed, and referred to an auditor, who awarded the balance to the successful plaintiff; and these exceptions are filed by the adverse claimant, whose claim to the possession has been adjudged to be unfounded. Her principal objection is that she had no notice of the audit, and no opportunity to be heard. If the exceptant were interested in the fund, she would have good reason to complain that she did not receive notice of the audit. From her counsel's statement at the argument, however, it appears clearly that she is not interested, and had, therefore, no right to a voice in the distribution. Her claim to be interested rests upon the averment that a part of the fund was produced by the sale of crops that were not grown upon the farm of which the receiver had charge, but upon other real estate, which the exceptant had leased from the United States. These crops, she declares, were wrongfully seized and sold by the receiver, and their proceeds brought into the fund now before the court. In other words, the exceptant's claim is hostile to a part of the fund. She does not admit the receiver's title to such part, but denies it; asserting that she herself, and not the receiver, is the true owner thereof, and is entitled to a decree therefor. Such an assertion of title cannot be heard upon distribution. The

exceptant's position is that the receiver trespassed upon land in her rightful possession, and wrongfully converted a part of her personal property to his own use. This may be true; but, even if the fact be assumed, we are of opinion that redress cannot be afforded in this proceeding. Williams' Appeal, 101 Pa. St. 474; Geist's Appeal, 104 Pa. St. 351.

The exceptions are dismissed, the auditor's report is confirmed, and distribution is decreed in accordance therewith.